ZENITH RADIO CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 80-5-00861

*Order*

(Dated May 13, 1981)

MALETZ, *Judge*: Upon consideration of plaintiff's motion to compel defendant to respond to plaintiff's first interrogatories, plaintiff's motion to compel defendant to respond to plaintiff's first request for

production of documents, and defendant's opposition to those motions, and upon consideration of defendant's motion to compel plaintiff to respond to defendant's first interrogatories, defendant's motion to compel plaintiff to respond to defendant's first request for production of documents, and plaintiff's opposition to those motions, and upon all other papers and proceedings, after oral argument, the Court makes the following rulings:

## I. On Plaintiff's Motion To Compel

A. Documents relating to investigation into possible violations of 19 U.S.C. 1592:

(1) Within 30 days, defendant shall make available, subject to the protective provisions contained in Part IV of this order, the documents covered by plaintiff's first request for production of documents concerning Sears, Montgomery Ward, and White Stores.

(2) Plaintiff will make application within 15 days to the United States District Court for the Eastern District of Virginia for an order modifying that court's protective order entered on April 23, 1980, in *In Re 1978 Grand Jury Proceedings J. C. Penney Company, Inc.*, and authorizing the defendant to make available to plaintiff's counsel for use in this judicial proceeding, subject to the protective provisions of Part IV of this Order, all documents in the defendant's possession which are at present subject to the aforesaid district court's order of April 23, 1980.

(3) Acting Commissioner Archey's claim of privilege for the remaining penalty documents is denied without prejudice on the ground that the privilege has not been properly claimed.

(4) Acting Commissioner Archey is allowed 30 days within which to file a proper claim of privilege for each of such penalty documents and to transmit to the court within that time for examination by the court in camera each document for which privilege is claimed.

B. Other documents with respect to which defendant has claimed a privilege:

(1) Defendant shall transmit to the court within 15 days for examination by the court in camera the two in camera affidavits referred to in the affidavit of Admiral Bobby Inman, the Acting Director of the Central Intelligence Agency.

(2) The State Department documents for which a claim of privilege has been made by the Secretary of State shall be transmitted to the court within 15 days for examination by the court in camera.

(3) The Special Trade Representative documents for which a claim of privilege has been made shall be transmitted to the court within 15 days for examination by the court in camera.

C. Presidential papers: Plaintiff's motion for discovery of the Presidential papers of Presidents Nixon, Ford, and Carter is denied without prejudice.

D. Other documents encompassed within plaintiff's first request for production of documents: Defendant shall within 30 days make available for discovery, pursuant to the protective provisions contained in Part IV of this Order, the remaining documents covered by plaintiff's first requests for discovery. Draft protest decisions shall be included among the documents thus made available.

E. Plaintiff's first interrogatories: Defendant shall within 30 days supply answers to plaintiff's first interrogatories.

## II. On Defendant's Motion To Compel

Defendant's motion to compel discovery pursuant to its first request for production of documents and its first interrogatories is allowed, with the exception of those interrogatories and documents covering communications between plaintiff and members of Congress. The court is of the view that at this stage the relevance of such communications seems borderline and the burden of complying unduly great. See 4 Moore's Federal Practice, pp. 26–135. Accordingly, the court sustains the objection of discovery of such communications without prejudice. With the foregoing exception, plaintiff shall respond to defendant's first interrogatories and request for production of documents within 30 days.

## III. The Time Periods Specified Above May Not Be Extended Except for Good Cause Shown

## IV. Protective Provisions

a. All of the information contained in the documents shall be deemed to be protected information. Should plaintiff's counsel believe that a particular document or item contained in a document is not entitled to confidential treatment, plaintiff's counsel shall not disclose the document or item and shall consult with defendant's counsel. If defendant's counsel agrees that the document or item does not appear to be confidential, plaintiff's counsel shall not disclose the document or item for three business days after receipt of the opinion of defendant's counsel so as to permit the individual or entity which submitted the document to apply for intervention for the purpose of filing an objection to disclosure with the Court. If such

an application is filed, plaintiff's counsel shall not disclose the document or item until the Court rules upon the application and the objection. If defendant's counsel objects to, or fails to respond in a timely manner to plaintiff's counsel's request for disclosure of the document or the item, plaintiff's counsel shall not disclose the document or item until the differences between plaintiff's and defendant's counsel have been resolved by the Court.

b. Plaintiff's counsel may disclose the protected information to their legal associates and office personnel actively assisting in the litigation, but shall not disclose the protected information, directly or indirectly, to anyone else, except as provided by this Order.

c. If, in the opinion of plaintiff's counsel, it becomes necessary to consult with experts in evaluating the protected information, they shall, before any disclosure, notify and obtain the consent of defendant's counsel to disclosure to identified experts who shall agree not to disclose what they learn from the documents containing the protected information; if after seven (7) days following notification of defendant's counsel, counsel for the respective parties cannot agree upon the need for an expert or upon a suitable expert, plaintiff's counsel may submit the matter to the Court for resolution.

d. Any persons obtaining access to such protected information shall not make copies or reveal the contents of the documents containing the protected information, or use the protected information obtained for any purpose other than for the purpose of this litigation. Nothing in this Order shall preclude disclosure of the documents or the protected information contained in them to an individual or entity which was the source of the information.

e. Henceforth, should any party to this case file with the Court any document containing information which is protected by this Order, either (1) directly pursuant thereto, or (2) by incorporation through separate agreement between the parties, said party shall request the Clerk of the Court, or an employee of his office, to seal said document and to restrict access thereto to counsel for the parties and the Court personnel authorized access thereto by the Court.

f. The party filing such document as described in paragraph e, *supra*, will, unless there is no unprotected material which is reasonably segregable from the protected information, in addition to filing the number of such documents as prescribed by the Rules of the United States Court of International Trade, file an additional copy of the document, with the protected information deleted, for inclusion in that part of the Court file to which the general public has access.

g. Any party filing a document containing protected information shall indicate conspicuously thereon that the document contains information protected by a protective order.

h. Any party filing a copy of a document, with protected information deleted from said copy, in accordance with paragraph f, *supra*, shall indicate conspicuously on said copy that certain protected information has been deleted therefrom and where such deletions have been made on the copy.

i. Should a request for the sealing of a document, as described in paragraph e, *supra*, be made of the Clerk of the Court or of an employee of his office, such request shall be honored.

j. Upon conclusion of this litigation, Mr. Ikenson and Mr. Curtis shall return to defendant's counsel all documents, then in Mr. Ikenson's and Mr. Curtis' possession, containing protected information and any copies made of such documents, including any documents or copies held by persons authorized under paragraphs a and b, *supra*, to have access thereto, except for copies which contain work notes of counsel for plaintiff or other authorized persons. These latter documents shall be destroyed. Mr. Ikenson may retain one copy of all briefs and other documents filed by or with the Court which contain protected information.

k. Nothing in this Order shall preclude the parties from seeking such further orders of the Court as may be necessary to provide for further sealing and/or opening for public inspection of any documents or other things covered by this Order.